# UNITED STATES DISTRICT COURT.

## *In re* GARRET S. BELLIS & JAMES MILLIGAN.

The usual order and subpœna were issued for the wife of bankrupt to attend before
the register and be sworn and 'testify as a witness. She failed to appear, and
counsel put in affidavit explanatory of her non-attendance, but questioned the
authority of the court to compel her to testify in this cause.

*Held:* The proper proceeding is to issue an order to show cause why an attachment
should not issue against her.

*Southern District of New York, October,* 1869.

*Before* JOHN FITCH, *Register.*

THE attorney for the assignee in this cause applied before
me for the usual order and subpœna for Mrs. Elizabeth R.
Milligan, wife of James Milligan, one of the petitioners.
The affidavit sets forth the facts and is sufficient both in form
and substance, is duly verified, and upon it the assignee is
by law entitled to the order and subpœna asked for. (*In re
Julius L. Adams,* 2 *Bank. Reg, pp.* 33 *and* 92; *s. c.* 36
*How. Pr. R., p.* 51.)   Sec. 26 of the bankrupt law provides:
"For good cause shown, the wife of any bankrupt may be
required to attend before the court to the end that she may
be examined as a witness, and if such wife do not attend at
the time and place specified in the order, the bankrupt shall
not be entitled to a discharge, unless he shall prove to the
satisfaction of the court that he was unable to procure the
attendance of his wife."

During the trial of this cause and before the issuing of
this order and subpœna, I permitted the attorney for the
bankrupts to file an affidavit, under § 26 of the bankrupt
law, setting forth the reason why she had not obeyed previous orders of the court.   I considered that to be the correct practice in order to raise the question under § 26 of the

bankrupt law as to whether the disobedience of the wife to the mandates of the court prohibited the bankrupt Milligan from receiving a discharge. I consider it a well settled rule of law, that the wife of a bankrupt must obey the orders of the court the same as any other witness, especially when as in this case it is shown that within a short time previous to the filing of a petition in bankruptcy by the husband he conveyed to her certain real estate which now stands in her name of record, and the application asks for her examination touching said real estate. She must attend and be sworn; then any legal excuse or objections can be made in her behalf. "The courts do justice and also require implicit obedience to their mandates." Any excuse or explanation can, at the proper time, be given, Courts are very lenient wherever a just or proper cause is shown—sickness and debility are proper excuses. Such excuses should, however, be shown by the certificates of physicians. In this case, such certificates, if the facts warrant them, can readily be procured. None as yet have been produced before me.

The return of the United States marshal shows that the witness was paid certain fees for her attendance as a witness.

The proceedings in this cause before me show that the application for the examination of the witness was not made for delay, as the testimony of the witness, if given, must, from the very nature of the case, be of great materiality both to the assignee and the bankrupt Milligan.

The courts cannot administer the laws unless they can enforce obedience to their process and orders. It is not the province of the witness to question the rights, powers, or duties of the courts. It is their duty to obey. The courts will protect them in all their legal rights. In this case, the question whether the wife can be a witness for or against her husband does not arise, as her husband has been adjudicated a bankrupt, his effects, if any, pass into the hands of the assignee, and the contest for the title to the real estate

is between the witness and the assignee. Mr. Fuller, one of the counsel for the bankrupt, on presenting the affidavit giving the excuse for the non attendance of the witness, made a very able and learned argument to show that the court had no power to compel the witness to testify in this cause, and on that ground, under § 26 of the bankrupt law, opposed the granting of the order and desired that the same be certified to your honor.

I certify, as a matter of law, that this witness must attend and be sworn and obey the order of the court the same as any other witness. That upon the affidavit showing that the witness was material, the assignee and creditors were entitled to the usual order and subpœna which were granted in this cause.

That under and by virtue of said order the witness was compelled to attend. That the excuses shown by the affidavit referred to unaccompanied by certificates of physicians were insufficient. That such excuses, and all others which may be shown in extenuation for disobedience to the order of the court, should be shown before your honor, upon the motion on the part of the assignee for an order to show cause why an attachment should not be issued against the witness, &c., &c.

BLATCHFORD, J.—Under the circumstances of this case I think an order to show cause why a warrant should not issue, is the proper proceeding.